UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE MANUEL LUGO SANTANA,

                  Plaintiff,                  Docket No.

                                              <u>VERIFIED COMPLAINT</u>

      - against-

NASSAU COUNTY, NASSAU COUNTY SHERIFF
ANTHONY J. LA ROCCO in his official and individual
capacity, and CORRECTIONS OFFICERS JOHN DOES
1-4, individually and in their official capacities,

                  Defendants,
-------------------------------------------------------------------X

       Plaintiff, JOSE MANUEL LUGO SANTANA, by his attorney, Walter John Thompson,

Esq., founding partner at THOMPSON LAW, P.C., alleges the following, upon information and

belief, as his Complaint:

<u>INTRODUCTION</u>

1.  This civil action arises from an injury which JOSE MANUEL LUGO SANTANA, the

    Plaintiff, received while he was an inmate under the custody, care and control of the

    Defendants.  The Plaintiff was attacked and severely injured by another inmate while he

    was incarcerated at Nassau County Correctional Center located in Nassau County, New

    York.

2.  Plaintiff seeks compensatory damages under State law negligence claims and an award of

    costs and disbursements. Plaintiff also brings suit under 42 USC Section 1983 against the

    individually named defendants and against NASSAU COUNTY for their' custom and

    policy of failing to protect inmates incarcerated at Nassau County Correctional Center.

    Plaintiff also seeks punitive damages under 42 U.S.C. Section 1983.

3. This action is predicated both upon negligence principles of New York State law and upon violations of Plaintiff's civil rights protected under the United States Constitution inclusive of the Fifth and Fourteenth Amendments to the United States Constitution and actionable pursuant to 42 U.S.C. Section 1983.

4. Plaintiff invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for negligence and other violations of Plaintiff's constitutional rights as detailed below.

5. The claims brought pursuant to 42 U.S.C. Section 1983 are timely and have been commenced within the statute of limitations.

6. The individual Defendants are sued in their individual capacities as well as in their capacities as employees of Defendant NASSAU COUNTY.

## JURISDICTION

7. Jurisdiction is founded upon 28 U.S.C. §§§§ 1331, 1342, 1367, 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

9. At the time of the occurrence complained of, the Plaintiff JOSE MANUEL LUGO SANTANA was a resident of NASSAU COUNTY, NEW YORK.

10. Plaintiff JOSE MANUEL LUGO SANTANA is currently a resident of Erie County in the State of New York.

11. Defendant NASSAU COUNTY has established and maintains NASSAU COUNTY SHERIFF'S OFFICE, which is an agency of the Defendant NASSAU COUNTY.

2

12. At all times relevant, Defendant NASSAU COUNTY employed CORRECTIONS OFFICERS JOHN DOES 1-4 out of Nassau County Correctional Center.

13. At all relevant times, CORRECTIONS OFFICERS JOHN DOES 1-4 were duly appointed and acting uniformed correction officers of NASSAU COUNTY and acting under the color of state law.

14. At all relevant times, CORRECTIONS OFFICERS JOHN DOES 1-4 assigned to Nassau County Correctional Center were acting both in their individual and official capacities as employees of the Defendant NASSAU COUNTY. As uniformed corrections officers, these defendants are supposed to protect inmates including the plaintiff herein JOSE MANUEL LUGO SANTANA. Correction officers are required to carry out their responsibilities in a manner consistent with the legal mandates that govern the operation of NASSAU COUNTY Correctional Center including written directives and orders. Defendant Correction Officers CORRECTIONS OFFICERS JOHN DOES 1-4 are sued in their individual and official capacities.

15. At all relevant times, the Defendants NASSAU COUNTY employed the defendants CORRECTIONS OFFICERS JOHN DOES 1-4 at Nassau County Correctional Center.

16. Defendant NASSAU COUNTY has established and maintains NASSAU COUNTY SHERIFF'S OFFICE, which is an agency of the Defendant NASSAU COUNTY.

17. At all times relevant, Defendant NASSAU COUNTY employed defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO.

18. At all relevant times, NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO was duly appointed SHERIFF and acting under the color of state law.

19. At all relevant times, NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO was

responsible for the maintenance and operation Nassau County Correctional Center and was acting both in his individual and official capacities as an employee of the Defendant NASSAU COUNTY. As SHERIFF, the defendant is supposed to protect inmates, including the plaintiff herein, JOSE MANUEL LUGO SANTANA. Defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO is required to carry out his responsibilities in a manner consistent with the legal mandates that govern the operation of NASSAU COUNTY Correctional Center including written directives and orders. Defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO is sued in his individual and official capacities.

<u>FIRST CAUSE OF ACTION</u>
Negligence
New York State Common Law

20. On or about the 13th of August 2023, Defendant NASSAU COUNTY was the owner of the premises known as Nassau County Correctional Center, a jail located in Nassau County, New York.

21. On or about the 13th of August 2023, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO by their agents, servants and/or employees, operated the aforesaid premises.

22. On or about the 13th of August 2023, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO by their agents, servants and/or employees, managed the aforesaid premises.

23. On or about the13th of August 2023, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, controlled the aforesaid premises.

24. On or about the 13th of August 2023, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, maintained the aforesaid premises.

25. On or about the 13th of August 2023, Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, repaired the aforesaid premises.

26. On or about the 13th of August 2023, the Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, inspected the aforesaid premises.

27. On or about the 13th day of August 2023, Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, leased the aforesaid premises.

28. On or about the 13th day of August 2023, Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, by their agents, servants and/or employees, supervised the aforesaid premises.

29. At the aforesaid date and time, the Plaintiff, JOSE MANUEL LUGO SANTANA, was at the aforesaid premises.

30. At the aforesaid date and time, the Plaintiff, JOSE MANUEL LUGO SANTANA, was lawfully at the aforesaid premises.

31. At the aforesaid date and time, the Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, knew that the plaintiff was housed with persons who posed a risk of harm to the Plaintiff JOSE MANUEL LUGO SANTANA.

32. At the aforesaid date and time, the Defendants, NASSAU COUNTY and NASSAU

COUNTY SHERIFF ANTHONY J. LA ROCCO, had actual notice of the risk of harm and more specifically, the Plaintiff's risk of being violently assaulted by inmates with whom he had been housed. Defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO and Defendant CORRECTIONS OFFICERS JOHN DOE 1-4, on duty at the time of the incident, were aware of the stay away order the Plaintiff had against the inmate who attacked him.

33. At the aforesaid date and time, the Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, had constructive notice of the risk of harm and more specifically, the Plaintiff's risk of being violently assaulted by inmates with whom he had been housed.

34. At the aforesaid date and time, the Plaintiff, JOSE MANUEL LUGO SANTANA, was assaulted on the premises of NASSAU COUNTY CORRECTIONAL CENTER, which resulted in him having his face bitten and his nose punched by an inmate which resulted in a bite on his right eyebrow and right eye damage including vision loss and two (2) surgeries.

35. At the aforesaid date and time, the Plaintiff JOSE MANUEL LUGO SANTANA was caused to be violently assaulted and battered on the premises.

36. Plaintiff JOSE MANUEL LUGO SANTANA was injured.

37. Plaintiff was seriously injured.

38. The aforesaid occurrence and resulting injuries to the Plaintiff were due solely to the carelessness, recklessness and negligence of the Defendant(s) in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the above-mentioned premises.

39. By reason of the foregoing, the Plaintiff JOSE MANUEL LUGO SANTANA has been damaged in an amount exceeding the limitations of all courts of lower jurisdiction.

FACTUAL AVERMENTS REGARDING CLAIMS UNDER 42 U.S.C. SECTION 1983

A. General Allegations re Policy and Practice.

40. Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the Plaintiff herein, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

   a. Subjecting persons in their jails to violence perpetrated by other inmates when with proper care the violence would not occur;

   b. Selecting, retaining, and assigning correction officers and supervisory officers, including Deputy Officers and Sergeants, who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees and inmates;

   c. Failing to take adequate security measures to protect detainees, arrestees and inmates from unnecessary harm, including but not limited to, the following: separation of detainees and arrestees from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cells; training correction officers and supervisory personnel, including Deputy Officers and Sergeants, to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; monitoring detainees who are unable to care for themselves; recognizing potentially volatile situations and circumstances that are likely to erupt

7

into violence;

d.  Failing to properly utilize classification procedures; ignoring best practices for classification of inmates and failing to adjust housing according to best practices for classification of inmates;

e.  Failing to adequately train, supervise, and control correction officers in the arts of law enforcement;

f.  Failing to adequately discipline correction officers involved in misconduct;

g.  Condoning and encouraging correction officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

h.  Failing to train correction officers in the accurate and honest reporting of events including failing to investigate the honesty and accuracy of reports submitted to commanding officers and relying upon patently false and or tailored documents submitted by correctional officers to punish inmates such as Plaintiff who have not committed an infraction.

i.  Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants ordered, authorized, acquiesced in, tolerated, or permitted other inmates herein to engage in the acts of violence against Plaintiff by failing to keep materials and weapons out of.

41. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and

statutory rights of Plaintiff; the said conduct of the Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO   is conduct which the Defendants are aware of due to the long history of litigation involving the failures of the Defendant NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO to abide by their constitutional obligations including:

a. Proper supervision of correction officers and enforcing employee discipline for violation of rules.

b. Failing to maintain the premises thereby creating hazardous and dangerous conditions conducive to the fabrication of makeshift weapons including homemade knives and "shivs.";

c. Failing to conduct proper and thorough searches of the premises and the inmates housed threat;

d. Failing to maintain the premises despite knowledge that the deteriorating physical condition of the premises posed an ongoing hazard to the safety of the persons threat; the failure to maintain the premises enables the inmates to create and to hide contraband including weapons within the facility and to fashion homemade weapons from the eroding physical plant;

e. years of disrepair and neglect of repairs has long been known by the Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO   but it has been the policy of Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO   to deliberately disregard the dangers posed to the health and safety of the persons-both inmates and staff who live and work in; and, as the following demonstrates, Defendants

NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO has been aware of the conditions for a very long time.

42. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the Defendants authorized, acquiesced in, tolerated, or permitted other inmates herein to engage in the acts of violence against Plaintiff and for correction officers and supervisory staff to ignore the Plaintiff's repeated requests for concerns of safety due to irrational behavior of inmate that assaulted the plaintiff.

43. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, equity, and constitutional and statutory rights of Plaintiff; the said conduct of the Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO is conduct which the Defendants were aware due to the open and obvious conditions of disrepair, the risk of serious harm to the Plaintiff was so substantial and the conditions so pervasive that knowledge can be inferred; the reports of agencies both public and private; countless litigations and claims against Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO involving inmate on inmate assaults with makeshift weapons or with weapons smuggled into the facility and secreted thereat; countless litigations concerning injuries to inmates due to hazardous conditions from the general state of disrepair of the premises and more particularly the premises at Nassau County Correctional Center; litigation involving the failures of NASSAU COUNTY Correctional Center to abide by their constitutional obligations including proper supervision of correction officers and enforcing employee discipline for violation of rules; the conditions of confinement amount to punishment and

are cruel and unusual under the Fifth and Fourteenth Amendments; Defendants NASSAU
COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO  knew of the
conditions described herein and that these conditions posed a substantial risk of serious
harm to the inmates at  including the Plaintiff.

B. The Incident

44. On or about August 13, 2023, while in Dorm 20 in Nassau County Correctional Center,
located at 100 Carmen Ave, East Meadow, NY 11554, Plaintiff JOSE MANUEL LUGO
SANTANA was attacked by an inmate that bit his right eyebrow off and also caused
damage to his right eye. He was also punched in the nose during the incident.

45. At the time of the attack upon the Plaintiff, Defendants CORRECTIONS OFFICERS
JOHN DOES 1-4 turned away when Plaintiff JOSE MANUEL LUGO SANTANA was
ambushed and attacked by the inmate in Dorm 20.

46. The correction officer or correction officers who were assigned to protect Plaintiff JOSE
MANUEL LUGO SANTANA from harm, namely Defendants CORRECTIONS
OFFICERS JOHN DOES 1-4, were not at their assigned posts when the attack upon
Plaintiff occurred.

47. Although they were able to see that a detainee/inmate was being attacked, Defendant
correction officers who were able to see the attack but did nothing to stop the attack.

48. Plaintiff JOSE MANUEL LUGO SANTANA suffered severe injuries, including right eye
damage, vision loss in his right eye and his right eyebrow being bitten off.

49. The injuries to the right eyebrow of Plaintiff JOSE MANUEL LUGO SANTANA required
stitches at Nassau University Medical Center on the day of the incident. The Plaintiff
continues to suffer pain and discomfort from this injury. The plaintiff has undergone two

(2) surgeries for the injuries sustained in this violent attack.

50. Defendants CORRECTIONS OFFICERS JOHN DOES 1-4 were on duty at Nassau County Correctional Center on August 13, 2023.

51. Defendants CORRECTIONS OFFICERS JOHN DOES 1-4 failed to timely intervene so as to prevent the assault upon the Plaintiff.

52. The inmates housed with Plaintiff were known to have violent tendencies.

53. The facility where Plaintiff was housed did not have sufficient numbers of Correctional Officers to monitor the inmates in the housing area where the assault occurred and furthermore the Correction Officers who were on duty did not properly and adequately monitor the area at or adjacent to Dorm 20 so as to prevent the assault upon Plaintiff.

54. Had the Defendant Correction Officer(s), been at their posts the assault could have been prevented or could have been stopped in sufficient time so as to have avoided injury to the Plaintiff.

55. In failing to observe or protect Plaintiff, or otherwise standing by and allowing a brutal assault upon Plaintiff  by other inmates to continue  for an unreasonable  period of time, resulting in unnecessary and severe injury to the Plaintiff and by the aforesaid acts and omissions, while carried out under color of law, with no justification or excuse in law the Defendants engaged in a gross abuse of governmental authority and power which shocks the conscience and is fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in  which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

56. As a direct and proximate result of the deliberately indifferent and wrongful conduct of Defendants herein, Plaintiff has suffered and continues to suffer injuries damages and losses including, but not limited to scarring, disfigurement, emotional distress, pain, suffering.

57. Resulting in Plaintiff's damages in amounts to be proven at the time of trial.

58. Pursuant to 42 U.S.C. Section 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

SECOND CAUSE OF ACTION
(NEGLIGENT TRAINING, SUPERVISION AND RETENTION 42 U.S.C. § 1983)

59. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "58" above as though fully set forth herein.

60. That at all times hereinabove mentioned, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO  by their agents, servants and/or employees carelessly, negligently, and recklessly hired applicants for the position of Correction Officers of NASSAU COUNTY.

61. That at all times hereinabove mentioned, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO , by their agents, servants and/or employees carelessly, negligently, and recklessly trained applicants for the position of Correction Officer of NASSAU COUNTY.

62. That at all times hereinafter mentioned, Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO , by their agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of Correction Officers of NASSAU COUNTY.

63. That at all times hereinafter mentioned, Defendants, NASSAU COUNTY and NASSAU

COUNTY SHERIFF ANTHONY J. LA ROCCO , by their agents, servants and/or employees caused, permitted and allowed their corrections officers to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

64. That at all times hereinafter mentioned, Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO , by their agents, servants and/or employees carelessly, negligently and recklessly retained in their employ, correctional officers clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

65. That the occurrence and damages sustained by Plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the Defendants, NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO, their agents, servants and/or employees as set forth above, without any provocation on the part of Plaintiff contributing thereto, specifically, the negligent and reckless manner in which said Defendants hired, trained, supervised, controlled, managed, maintained, inspected and retained their correctional officers.

66. As a result of the foregoing, Plaintiff has suffered damages.

67. As a result of the foregoing, the Defendants are liable for compensatory damages to the Plaintiff in an amount which exceeds the jurisdictional limits of all lower courts herein.

68. Pursuant to 42 U.S.C. Section 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

<u>THIRD CAUSE OF ACTION</u>
(DELIBERATE INDIFFERENCE UNDER 42 U.S.C. § 1983)

69. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "68" above as though fully set forth herein.

70. The individual defendants, while acting under color of law, deprived Plaintiff of his civil rights under the Fifth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward Plaintiff's right to be free from cruel and unusual conditions of confinement and afforded due process of law and by, among other things, the following acts:

A. Placing Plaintiff in a housing unit with inmates who defendants knew had exhibited aggressive and combative behavior without watching, monitoring or protecting Plaintiff;

B. Placing Plaintiff in a housing unit under circumstances which were conducive to the eruption of violence;

C. Causing Plaintiff to remain in the housing area with the combative inmates when Defendants knew, or should have known, that an altercation had erupted, further violence was imminent, and Plaintiff appeared to be injured;

D. Not observing or protecting plaintiff, or otherwise standing by and allowing a brutal assault on plaintiff by other inmates to continue for an unreasonable period of time, resulting in unnecessary and severe injury to Plaintiff.

15

71. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

<u>FOURTH CAUSE OF ACTION</u>
(DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983)

72. Plaintiff realleges and incorporates by reference the allegations in paragraphs "1" through "71" above as though fully set forth herein.

73. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO  with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

    a.   Failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates and violent situations;

    b.   Failing to adequately train, supervise, and instruct custodians of jail inmates in properly monitoring, deterring, controlling and responding to inmate altercations and violence.

    c.   Failing to establish and to follow best practices and policies and procedures that

enable identification and separation of dangerous or violent inmates from other inmates, detainees or arrestees.

d.  Failing to adequately train, supervise and control custodians of jail inmates in the proper response to threats of violence.

e.  Failing to maintain video surveillance of inmate areas to insure safety of inmates, those that are unable to care for themselves and present a danger to themselves or others.

f.  Failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence.

74. As a direct and proximate result of the foregoing, Plaintiff sustained injury  and damages as proved and as more specifically stated above.

<u>FIFTH CAUSE OF ACTION</u>
(FAILURE TO INTERVENE TO PROTECT PRISONER IN CUSTODY
42 U.S.C. § 1983)

75. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "74" above as though fully set forth herein.

76. At all times relevant here, the individual Defendants were present and were charged with the constitutional duties of protection of Plaintiff and were charged with the duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to Plaintiff that their actions and/or omissions placed him in.

77. Defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO and CORRECTIONS OFFICERS JOHN DOES 1-4, individually and in their official capacities, had ample and reasonably sufficient time and opportunity to so intervene and

prevent plaintiff's injuries, and was compelled to do so as Corrections Officers, Deputy Officers and Sergeants under the laws of NASSAU COUNTY and under the Constitution of the United States of America. In deliberate indifference to the life and welfare of Plaintiff, Defendants with deliberate indifference to the civil rights of plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

78. As a result thereof, Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

79. The conduct of the individual defendants was intentional, malicious, willful, wanton and in reckless disregard of Plaintiffs constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of compensatory and punitive damages on the individual defendants.

<u>SIXTH CAUSE OF ACTION</u>
(FAILURE TO TRAIN AND SUPERVISE 42 U.S.C. § 1983)

80. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "79" above as though fully set forth herein.

81. At all times mentioned herein and prior thereto, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fifth and Fourteenth Amendments to the U.S.

18

Constitution.

82. Plaintiff is informed and believes, and thereupon allege, that prior to the incident alleged herein, Defendants NASSAU COUNTY and NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO facilitated, permitted, ratified and condoned similar acts of inmate-on-inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and Plaintiff in particular. Said defendants knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

83. As a result thereof, Plaintiff's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

84. The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of compensatory damages and compensatory and punitive damages on Defendant NASSAU COUNTY SHERIFF ANTHONY J. LA ROCCO and Defendants CORRECTIONS OFFICERS 1-4 individually and in their official capacities.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

As to the first through the sixth causes of action: compensatory damages; an award to Plaintiff of the costs and disbursements herein and an award of attorney fees as provided under 42 U.S.C. Section 1988 for the second through sixth causes of action brought pursuant to 42 U.S.C. Section 1983; punitive damages as to the individual defendants in the fifth and sixth cause of action.

And for such other and further relief as this Court may deem just and proper and equitable.

Dated: New York, NY
        May 15, 2025

Yours, etc.

Thompson Law PC

By: Walter John Thompson, Esq.
    Attorneys for Plaintiff
    565 5th Avenue, Suite 721
    New York, NY 10017
    (646)-922-8900
    Email: wjt@thompsonlawnyc.com

<u>ATTORNEY VERIFICATION</u>

I, Walter John Thompson, say that: I am the attorney of record, or of counsel with the attorneys of record, for the plaintiff. I have read the annexed Complaint and know the contents thereof; that the same is true to my own knowledge and belief, except as to those matters herein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based on the following: by review of a file maintained in my office.

The reason that I make this affirmation instead of the Plaintiff is that Plaintiff resides in the county other than the one in which I maintain my office.

I affirm that the foregoing statements are true under penalty of perjury.

Dated: New York, New York
        May 15, 2025

Walter John Thompson, Esq.